Peck, J.
This cause is now before us for disposition upon the-demurrer filed by the defendant to the bill filed in the court below. The defendant assigns various causes for demurrer, relating principally to the form and sufficiency of the allegations of the fraudulent acts and conduct on the part of the defendant in the procuration of the decree for divorce, and the absence of necessary averments to show the materiality of the testimony fraudulently procured. But as these objections, if well taken, would only result, in amendments of the bill, we have merely bestowed upon them a passing notice, as we are all satisfied that the eighth assignment is-fatal to the present proceeding, and is one which no amendment of the bill could remedy. The eighth assignment is, “ That the-decree in said divorce suit of Daniel Parish v. Mary Parish, (which the bill of the said Mary seeks to review and reverse) was, and is,, final and conclusive (between the parties), and can not be reviewed or annulled (by original bill or otherwise).” This is an original bill, *filed in the Brown county court of common pleas, to-vacate and annul a decree of divorce from the bonds of matrimony, pronounced by that court, between the same parties, at a former-term. This vacation is claimed on the ground that the original de‘croe was procured by the Complainant in that proceeding, by means. of false and fraudulent representations as to his true residence, the-willful suppression of the published notices of its pendency, and the false testimony of witnesses suborned by him. The demurrer, by *433 its legal operation, admits a state of facts in regard to this transaction, and the agency of the defendant therein, which place him in no enviable position, and does not commend him or his cause to the favorable consideration of a court. Eor the honor of human nature, ■ it is to be hoped that the facts alleged in the petition in regard to the procuration of the decree are not true in fact, though, for the purpose of the demurrer, they are to be taken as admitted. Indeed, if a case could be supposed in which a decree a vinculo, by a court having jurisdiction over person and subject-matter, could be vacated at a subsequent term by reason of its fraudulent procurement, it would seem that such a case is presented in the bill under consideration.
The statute of March 14, 1843, conferring jurisdiction in divorce cases upon the courts of common pleas, which was in force when those proceedings were had, provides that “no appeal shall be obtained from the decree, but the same shall be final and conclusive.” Curwen, 991. This statutory provision is nothing more than a legislative recognition of the principle of public policy, which had been repeatedly affirmed by the courts, that a judgment or decree which affects directly the status of married persons by sundering the matrimonial tie, and thereby enabling them to contract new matrimonial relations with other and innocent persons, should never be reopened. Such a course would endanger the peace and good order of society, and the happiness and well-being of those who, innocently *relying upon the stability of a decree of a court of competent jurisdiction, have formed a connection with the person who, wrongfully perhaps, procured its promulgation. See Bascom v. Bascom, 7 Ohio, 466; Laughery v. Laughery, 15 Ohio, 404; Tappan v. Tappan, 6 Ohio St. 64; Lucas v. Lucas, 3 Gray, 136; and Greene v. Greene, 2 Gray, 361.
The case of Greene v. Greene is in many respects analogous to the case at bar. It was an original libel for-a divorce a vinculo, in which the libellant sought a divorce from her husband for the causes authorized by the statutes of Massachusetts, and set forth that her husband, at the preceding November term of that court, had, by means of false testimony, procured a divorce a vinculo from the fibellantfor the alleged cause of adultery, and asked that the former decree might be annulled for the fraud in its procurement, and a decree granted to her for the causes set forth. Chief Justice Shaw, in a very elaborate opinion, in which ho examines all the cases-, as- *434 well as the reasons upon which the rule of public policy is founded, refused the relief asked, holding that a decree from the bonds of matrimony, though obtained by fraud and false testimony, can not be sot aside on an original libel filed at a.subsequent term, and concludes his opinion in these words: “ We have seen no reliable authority opposed to the position above taken, that a decree of divorce a vinculo, when no appeal, review, or writ of error is allowed by law, or where the time for bringing such review or writ of error has expired, is final and conclusive upon the parties, and that an original proceeding to set it aside on the ground that it is fraudulently obtained upon false evidence, can not be maintained.” This case seems to be decisive of the point, and is amply sustained by principle and authority. "We have, however, been referred to two cases as establishing, or tending to establish, a different rule. The first of these (Allen v. Maclellan, 12 Penn. St. 328) is one where the validity of a decree annulling a former decree for fraud in obtaining it came collaterally in question, in a suit between Mother parties, upon a promissory note, and it was held that as to such third persons, the .last decree not having been set aside by the parties, nor reversed ¡upon appeal, was conclusive. This case by no means decides that .-such a decree of reversal, if contested at the time, would ever have ’been entered. But the inference, from some of the remarks of 'Chief Justice Gibson, is the other way. The other case is Vischer v. Vischer, 12 Barb. 640. The parties were originally married and • domiciled in New York, where the wife obtained a divorce a mensa. ‘The husband then removed to the State of Michigan, the wife still 'remaining in New York. The husband obtained a divorce a vinculo an Michigan, for willful desertion, no process or personal notice '■having been served upon -the wife. He then returned to New York ¡.and married another, and the first wife applied for a divorce a vin.culo, for adultery. The husband, in bar of the application, set up •the previous divorce in Michigan ; but the court held that that deforce was no bar, because the court in Michigan had never acquired ■any jurisdiction by service of process upon or appearance of the wife. It is difficult to see how this case decides that a court has the power to reverse or annul its own decrees entered at a previous term. The decree in New York does not attempt to annul the decree in Michigan, but merely disregards it. That decree still stands mpon the records in Michigan, in full force and unreversed, and ¡should occasion .and opportunity offer, would doubtless be enforced *435 by their courts. Again, though there was .not any actual service upon Mrs. Parish in this case, and though, for that cause, it might be disregarded in New York or elsewhere, still the court in Brown county had jurisdiction of the subject-matter, and of the parties— of the one by his appearance, and of the other by publication in a newspaper, which, under our statute, is as effective in conferring jurisdiction as actual service. The courts in New York might, for this cause, hold the decree void, but the Ohio courts must regard the Brown county common pleas, in the original ^divorce suit, as having acquired jurisdiction over persons as well as subject-matter. We therefore feel compelled, though reluctantly, to hold that sound public policy in this class of cases, forbids us from setting aside a decree of divorce a vinculo, though obtained by fraud and false testimony, on an original bill filed at a subsequent term.

Demurrer sustained and bill dismissed.

Brinkerhoee, C. J., and Scott, Sutliee, and Gholson, JJ., concurred.